UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE No.: 8-18-cv-02963

**GILBERT RAMIREZ-SANTIAGO,**
and all others similarly situated
under 29 U.S.C 206(B),

    Plaintiff,

v.

**SAKI AT PALM HARBOR, INC.**,
a Florida Corporation,
**JIE LIN**, individually

    Defendants.
_____/

## AMENDED COMPLAINT[1]

Plaintiff, Gilbert Ramirez-Santiago ("Santiago"), on behalf of himself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Saki at Palm Harbor, Inc ("Saki") d/b/a Saki Endless Sushi and Jie Lin ("Lin"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Saki is, and was, a Florida corporation, authorized to conduct and conducting business in Osceola County, Florida.

---
[1] Amended to include the correct and full legal name of Plaintiff for the above captioned matter.

3. At all material times, Lin is *sui juris* and a resident of Hillsborough County, Florida.

4. At all material times, Santiago, is *sui juris* and a resident of Hillsborough County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This action is brought by Plaintiff to recover from the Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Saki was at all times material hereto in excess of $500,000.00 per annum.

8. At all material times hereto, Saki was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Saki operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Saki, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Saki is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Lin is an officer/director of Saki and has economic and day-to-day control of Saki, and of the nature and structure of Plaintiff's employment relationship with Saki, and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Saki and Lin employed Plaintiff from approximately July, 2014 through July, 2018 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt cook earning an average of $2,300.00 per month.

16. At all material times, Saki's gross annual revenues were in excess of $500,00.00

17. Throughout his employment with Saki, Plaintiff routinely worked for Saki from Monday through Sunday, with Tuesday off, ten (10) hours per day, for a total of sixty (60) hours per week, forty (40) regular hours and twenty (20) overtime.

18. Plaintiff worked a total of 240 hours per month, and was paid $2,300.00 dollars a month, or an average of $9.58 per hour.

19. Saki and Lin willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rates for all hours he worked.

20. Saki and Lin knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime wage compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff had retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### PRE-SUIT DEMAND

24. On September 11, 2018, Plaintiff through his undersigned counsel, sent to Saki at Palm Harbor a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Saki failed/refused to do so ("Demand").

### COUNT I - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST SAKI AT PALM HARBOR

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

26. This is an action against Saki for overtime compensation pursuant to 29 U.S.C. § 216(B).

27. Upon information and belief, Saki has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

28. Plaintiff routinely worked in excess of forty (40) hours per week for Saki, i.e., twenty (20) hours of overtime per week.

29. Specifically, Plaintiff estimates that he worked ten (10) hours per day, six (6) days per week, for a total of sixty (60) per week, forty (40) regular hours and twenty (20) hours of overtime.

30. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

31. Saki knew or should have known that Plaintiff suffered or was permitted to work overtime for Saki as defined in 29 U.S.C. § 203 (g).

32. Saki failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

33. At all material times, Saki knew or should have known that such refusal and/or failure is prohibited by the FLSA.

34. Notwithstanding, Saki intentionally and willfully violated the FLSA, as cited herein.

35. At all material times, Saki failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

36. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II -
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST LIN

37. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

38. This is a collective action against Lin for overtime compensation pursuant to 29 U.S.C. § 216(B).

39. Upon information and belief, Lin has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

40. Plaintiff routinely worked in excess of forty (40) hours per week for Lin.

41. Specifically, Plaintiff estimates that he worked for Lin from Wednesday through Monday, ten (10) hours per day, for a total of seventy-two 60 per week, forty (40) regular hours and twenty (20) overtime.

42. Defendant, Lin, had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

43. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

44. Lin knew or should have known that Plaintiff suffered or was permitted to work overtime for Saki as defined in 29 U.S.C. § 203 (g).

45. Lin failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

46. At all material times, Lin knew or should have known that such refusal and/or failure is prohibited by the FLSA.

47. Notwithstanding, Lin intentionally and willfully violated the FLSA as cited herein.

48. At all material times, Lin failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

49. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

79. Plaintiff hereby demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gilbert Ramirez-Santiago, respectfully requests that judgment be entered in his favor against Defendants, Saki at Palm Harbor and Jie Lin, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 10th day of December, 2018.

By: /s/  Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*